IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE HANEY,<br><br>    Plaintiff,<br><br>  v.<br><br>FRANK A. MCGUIRE; C. WONG,<br><br>    Defendants.             / | No. C 14-5396 WHA (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

This is a pro se criminal complaint filed by a California prisoner. For the reasons discussed below, the complaint is **DISMISSED**.

## DISCUSSION

### A. STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  LEGAL CLAIMS**

Plaintiff has filed a criminal complaint seeking the arrest of officials at the California Supreme Court for obstructing justice and other violations of state law. A private party has no standing to prosecute a criminal action. *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 106 (1989). Whether to prosecute and what criminal charges to file or bring are decisions that generally rest in the prosecutor's, not the court's, discretion. *United States v. Batchelder*, 442 U.S. 114, 124 (1979). Accordingly, plaintiff's criminal complaint will be dismissed. If plaintiff wishes to proceed with civil rights or other civil claims, he may do so in a civil complaint filed in a new case. The deficiency notice sent by the clerk directing him to file a civil complaint in this case (dkt. 2) will be vacated.

**CONCLUSION**

For the reasons set out above, this action is **DISMISSED**. The deficiency notice directing plaintiff to file a complaint (dkt. 2) is **VACATED**.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: December  17 , 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE